# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LAMONT SMITH,
     Petitioner,

     vs.

WANZA JACKSON, WARDEN,
     Respondent.

Case No. 1:09-cv-107

Dlott, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

     Petitioner, an inmate in state custody, filed a *pro se* petition for writ of habeas corpus challenging his incarceration based on his 2001 convictions for burglary and attempted burglary in the Hamilton County, Ohio, Court of Common Pleas. (Doc. 1). The instant petition challenges the denial of petitioner's motion for a new trial based on new, exculpatory evidence. *Id.* This matter is before the Court on petitioner's motions to expand the record and for an evidentiary hearing (Docs. 2, 3), and respondent's motion to dismiss or, in the alternative, to transfer the petition (Doc. 10), to which motion petitioner has not responded.

     It appears from the record presented that this is not the first federal habeas corpus petition filed by petitioner with this Court challenging his 2001 conviction and sentence. The first petition was denied on July 19, 2007. (Doc. 10, Exh. 2; *see also Smith v. Jackson,* Case No. 1:04-cv-162 (Weber, J.; Black, M.J.)(Docs. 43, 50)). Accordingly, Respondent contends that the instant petition is subject to dismissal or transfer to the United States Court of Appeals for the Sixth Circuit on the ground that it constitutes a "successive petition" over which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244(b)(3)(A). (Doc. 10).

     Pursuant to 28 U.S.C. § 2244(b)(1), this Court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the Court must dismiss a claim presented in a second or successive petition, which petitioner did not

include in a prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before a district court can consider a successive petition, petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein), *cert. denied,* 528 U.S. 1162 (2000). However, not all subsequent petitions are deemed "successive" under the statute. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. A later petition is not considered successive when, for example, the claim was raised in the first petition but dismissed as premature, *id.*; the first petition was dismissed without prejudice for failure to exhaust state remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); or the first petition was dismissed because petitioner had not properly supported his application for pauper status or paid his filing

fee, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States District Court for the Northern District of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D.Cal. Jan. 9, 1995) (unpublished)).  The reason such subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits."  *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996).

On the other hand, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits."  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application.  *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998).  Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication on the merits of the claims and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief.  *See, e.g., Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Mack v. Shannon,* No. Civ. A. 04-3814, 2005 WL 182724, at *2 (E.D. Pa. Jan. 26, 2005) (unpublished); *Anders v. Cockrell,* No. 3-02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (unpublished); *Cate v. Ayers,* No. CIV.S010384WBSJFMP, 2001 WL 1729214, at *3-4 (E.D. Cal. Dec. 28, 2001) (unpublished) (and cases cited therein).

Here, it is clear from the instant petition that petitioner is attacking the same conviction and sentence challenged in his prior petition. (*See* Doc. 1).  The Court's decision denying the prior petition on merit-based review constituted an adjudication on the merits.  Therefore, the instant petition is successive within the meaning of 28 U.S.C. § 2244(b), and this Court lacks

jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)). Accordingly, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (Doc. 10) be **DENIED**. However, because this Court lacks jurisdiction to consider the successive petition, it is **FURTHER RECOMMENDED** that respondent's alternative motion to transfer the petition to the Sixth Circuit for a determination as to whether the district court may review it (Doc. 10) be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (Doc. 10) be **DENIED** because this Court lacks jurisdiction over the matter.

2. Respondent's alternative motion to transfer (Doc. 10) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

3. Petitioner's motions to expand the record and for an evidentiary hearing (Docs. 2, 3) be **DENIED** as moot.

Date: 8/25/2009                          s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAMONT SMITH,                                    Case No. 1:09-cv-107
      Petitioner                              Dlott, J.
                                                  Black, M.J.

     vs

WANZA JACKSON, WARDEN,
      Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **within ten days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within ten days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).